UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHYLLIS GUSTAVSON,<br><br>  Plaintiff,<br><br>  v.<br><br>MARS, INC., et al.,<br><br>  Defendant. | Case No. 13-cv-04537-LHK<br><br>**ORDER GRANTING MOTION FOR STAY**<br><br>Re: Dkt. No. 52 |

Before the Court is Defendant Mars, Inc's ("Defendant" or "Mars") motion to stay this action pending the Ninth Circuit's decision in *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014). ECF No. 52. Plaintiff opposes the motion. ECF No. 53. Defendant filed a reply. ECF No. 61. Having considered the submissions of the parties, the record in this case, and the relevant law, the Court hereby GRANTS Defendant's motion to stay this proceeding.

**I.     Background**

On April 13, 2012, Plaintiff Phyllis Gustavson ("Plaintiff" or "Gustavson") filed a putative class action against Defendant Wrigley Sales Co. No. 12-1861, ECF No. 1. After Defendant Wrigley Sales Co. filed its motion to dismiss, Plaintiff filed an amended complaint on July 23, 2012, adding Mars, Inc. as an additional defendant. No. 12-1861, ECF No. 21. Both Defendants

1

Case No.: 13-cv-04537-LHK
ORDER GRANTING MOTION FOR STAY AND MOTION DISMISSING CERTAIN CLAIMS

filed motions to dismiss, which the Court granted in part, and denied in part on September 16, 2013. *See Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. Sept. 16, 2013). In that order, the Court noted that "should Gustavson elect to file an amended complaint, the Court directs Gustavson to file separate complaints against each set of Defendants . . . ." 961 F. Supp. 2d at 1133. Pursuant to the Court's order, the parties stipulated to severing the case so that Plaintiff could pursue her claims against Wrigley Sales Co. and Mars separately. No. 12-1861, ECF No. 70. The Court granted the parties' stipulation, and Plaintiff filed her complaint in the instant case on October 1, 2013. ECF No. 1.

Plaintiff alleges that Defendant, a leading producer of chocolate candy and other confectionary, misleads consumers by making unlawful and misleading calorie claims. Compl. ¶¶ 72–124.[1] Plaintiff contends that 5 chocolate products that she purchased and 44 "substantially similar products" are "misbranded" in violation of federal and California law, and are deceptively packaged and labeled. *Id.* ¶¶ 2–7. Plaintiff brings this action on behalf of herself and others similarly situated, and intends to seek class certification. *Id.* ¶¶ 200–10. Pursuant to the Court's case management schedule, ECF No. 36, any motion for class certification must be filed by January 15, 2015, with a hearing set for March 19, 2015. Trial in this matter is scheduled for February 29, 2016. ECF No. 36.

On October 14, 2014, Defendant filed a motion for stay pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, Inc.* In *Jones*, the district court declined to certify classes of purchases who alleged that the defendant, ConAgra Foods, Inc., mislabeled and misbranded different product lines (canned tomatoes, cooking spray, & hot cocoa) in violation of California and federal law. *Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014). Jones filed his opening brief on appeal on November 21, 2014. No. 16-16327,

---

[1] Plaintiff voluntarily dismissed her claims based on flavanol nutrient content and claims arising from Defendant's alleged failure to call the ingredient polyglycerol polyricinoleic acid by its common name. *See* ECF No. 58.

2
Case No.: 13-cv-04537-LHK
ORDER GRANTING MOTION FOR STAY AND MOTION DISMISSING CERTAIN CLAIMS

ECF No. 21. In his opening brief, Appellant Jones challenged the district court's application of the "ascertainability" requirement as an element of Rule 23, the court's predominance analysis, the effect of *Comcast* on Appellant Jones's proposed damages models, and whether Appellant Jones satisfied the standing requirements for injunctive relief under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. *Id.* at i–ii.

## II.     Legal Standard

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fuller v. Amerigas Propane, Inc.*, C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). In considering whether a stay is appropriate, the Court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis v. N. Am. Co,* 99 U.S. 248, 254–55 (1936))).[2]  The Court refers to these factors as the *Landis* factors because they were drawn from the Supreme Court's decision in *Landis v. N. Am. Co. See Fuller,* 2009 WL 2390358 at *1. If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1109; *see Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007).

---

[2] Plaintiff incorrectly cites the five-factor test established in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). That test applies where a party seeks to stay a civil proceeding pending the resolution of a parallel criminal proceeding. 45 F.3d at 324–25. Where, as here, a party seeks to stay a civil proceeding pending resolution of another civil proceeding, the *Landis* factors apply.

Case No.: 13-cv-04537-LHK
3
ORDER GRANTING MOTION FOR STAY AND MOTION DISMISSING CERTAIN CLAIMS

In cases where substantial litigation is likely to take place during the pendency of an appeal, courts have at times granted a stay as a means of conserving judicial resources. *See Canal Properties LLC v. Alliant Tax Credit V, Inc.*, No. C04–03201 SI, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect and substantial litigation would likely take place during the pendency of the appeal).

### III.     DISCUSSION

Defendant argues that a stay is warranted in the instant action because the Ninth Circuit may address controlling issues of law in its pending decision in *Jones v. ConAgra*. In light of the early stage of the instant proceedings and the likelihood that the Ninth Circuit will provide substantial guidance in its decision in *Jones*, the Court grants Defendant's motion to stay this action.

#### A.     Hardship to the Parties: Factors 1 and 2

Plaintiff argues she will suffer the following damage from the imposition of a stay: (1) she will be prejudiced by the delay because she has "already experienced a significant procedural delay in prosecuting her claims," as a result of the severance of her original action against Wrigley Sales Co. and that (2) a stay would delay any recovery of damages or injunctive relief. The Court addresses each argument in turn.

First, the Court finds that any procedural delay Plaintiff may have suffered as a result of severing the instant action from *Gustavson v. Wrigley Sales Co.* has little relevance to the question of whether granting a stay now would cause Plaintiff harm. Any procedural delay caused by *Plaintiff*'s decision to bring a single action against Wrigley Sales Co. and Mars is unrelated to the additional delay caused by a stay. Moreover, Plaintiff fails to explain to what "delay" she is referring. Plaintiff appears to be under the misapprehension that this action would be at a more advanced stage had it not been severed from *Gustavson v. Wrigley Sales Co.* However, following the Court's September 16, 2013, order granting Mars's motion to dismiss and granting Plaintiff leave to amend her complaint, Plaintiff filed her amended complaint in the instant action within 14

days, and this case has continued to proceed in a timely fashion. There is no reason to believe that severing Plaintiff's two cases against two separate defendants caused any procedural delay.

Second, Plaintiff further argues that a stay would delay any potential monetary and injunctive relief. As to the delay in recovering damages, Defendant is correct that mere delay in monetary recovery is an insufficient basis to deny a stay. *Lockyer*, 398 F.3d at 1110–12. However, a delay in the grant of injunctive relief may weigh against a stay where a Plaintiff alleges ongoing and future harm. *See id.* Plaintiff contends that Defendant continues to use the allegedly deceptive and misleading labeling claims on its products. As Defendant points out, however, this action is at an early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision in *Jones*. More specifically, Defendant argues that even if the Court were to deny a stay, a decision in *Jones* would precipitate another round of class certification or decertification motions and a re-opening of discovery, all of which would take place prior to any injunctive relief. Therefore, whether or not the Court grants Defendant's motion to stay, any prospective injunctive relief will be delayed. In light of the inevitable delay that Plaintiff will likely suffer, the Court concludes this factor weighs only slightly against granting a stay.

In support of its motion, Defendant argues that both parties will suffer hardship and prejudice if compelled to move forward. More specifically, Defendant contends that the "considerable resources" necessary for preparing class certification briefing may be wasted if the Ninth Circuit's decision in *Jones* changes the applicable law or the relevant "landscape of facts that need to be developed." Motion at 6. Defendant points to the potential need to re-depose key witnesses, conduct further discovery, and re-brief class certification. *Id.* The Court agrees that the need to re-brief class certification and potentially re-open discovery would involve a significant expenditure of time and resources. The appellant in *Jones* has briefed issues concerning ascertainability and damages that could be material to the Court's disposition of any class certification motion in the instant action. *See Jones*, No. 14-16327, ECF No. 21. While the parties

5
Case No.: 13-cv-04537-LHK
ORDER GRANTING MOTION FOR STAY AND MOTION DISMISSING CERTAIN CLAIMS

disagree as to the degree of overlap between *Jones* and the instant case, the Court notes that guidance from the Ninth Circuit as to the scope of the ascertainability requirement and the sufficiency of Dr. Oral Capps' damages models under *Comcast* will, in fact, be material to any class certification decision in this case.[3] Whether the Court grants or denies any class certification motion, the decision in *Jones* is likely to prompt further briefing as to whether any certified class should be decertified, or whether a class should be newly certified. The Court concludes that Defendant would clearly suffer significant and potentially unnecessary hardship if compelled to proceed. *See Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1109; *Dependable Highway Exp.*, 498 F.3d at 1066.

### B.  The "Orderly Course of Justice": Factor 3

The third *Landis* factor weighs strongly in favor of granting the stay. In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant. *Fuller*, 2009 WL 2390358 at *2 (holding that Defendant's arguments showing "judicial economy" would be served by the stay "further[ed] the third *Landis* factor"). Here, judicial economy will best be served if this Court does not expend the resources required to resolve a class certification motion, only to have to re-visit the decision whether to certify or decertify a class following a controlling decision from the Ninth Circuit. As discussed above, the Court is persuaded that whatever the outcome in *Jones*, the Ninth Circuit's decision is likely to provide substantial guidance, if not new law, that will materially impact the Court's decisions in the instant case. Here, the Court finds that a stay would "be the most efficient and fairest course . . . [as] there are 'independent proceedings which bear upon the case.'" *Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Elec. Arts, Inc.*, No. 11-04897 JW, 2012 WL 219428, at *1 (N.D. Cal. Jan. 24, 2012) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

---

[3] Dr. Oral Capps is the damages expert in both *Jones* and the instant case.

6
Case No.: 13-cv-04537-LHK
ORDER GRANTING MOTION FOR STAY AND MOTION DISMISSING CERTAIN CLAIMS

## IV. CONCLUSION

In summary, the Court concludes that two of the three *Landis* factors strongly favor a stay in these proceedings, while one factor weighs slightly against a stay. Considering all three factors, and balancing the "competing interests which will be affected by the granting or refusal to grant a stay," the Court concludes it would best serve the interests of the parties and judicial economy to grant Defendant's motion to stay these proceedings. *See CMAX*, 300 F.2d at 268.

The Clerk shall administratively close the case file.

**IT IS SO ORDERED**.

Dated: December 10, 2014

_____
LUCY H. KOH
United States District Judge